**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mariam Dermendjian, | No. CV-26-01503-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Mariam Dermendjian's Application for Leave to Proceed In Forma Pauperis ("IFP"). (Doc. 2.) For the reasons stated below, Dermendjian's application to proceed IFP will be granted, and Dermendjian's Complaint, (Doc. 1), will be dismissed with leave to amend.

## I.    IFP APPLICATION

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 2), I find Dermendjian cannot pay the court costs and still afford necessities. Thus, the motion to proceed IFP will be granted.

## II.    SCREENING THE COMPLAINT

Because Dermendjian is proceeding IFP in this case, her Complaint must be screened.

### A.    Legal Standard

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.*  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

> "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quotation marks omitted).  To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (quotation marks omitted).  Thus, a complaint must include

- 2 -

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (cleaned up)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

### B.     Dermendjian's Complaint

Dermendjian brings this action against Experian Information Solutions, Incorporated, Portfolio Recovery Associates LLC, Credit Corp Solutions, Incorporated, LVNV Funding LLC, and Midland Credit Management Incorporated, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (Doc. 1.) Her Complaint, however, is largely devoid of factual allegations sufficient to support these claims. (*See generally id.*)

### 1.     Count I: Failure to Reinvestigate (§ 1681i)—Experian

To state a claim under § 1681i, a plaintiff must sufficiently allege: "(1) she notified [the credit reporting agency ("CRA")] of a disputed item of information; (2) [the CRA] failed to reinvestigate and either record the current status of the disputed information or delete the disputed item from its files; (3) [the CRA's] failure to reinvestigate was negligent or willful; and (4) [the CRA's] failure to reinvestigate caused [her] injuries." *Hebrank v. Early Warning Servs. LLC*, 2025 WL 1148801, at *2 (D. Ariz. 2025) (quoting *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1098–99 (D. Ariz. 2003)).

Dermendjian's Count I consists of a single sentence: "Experian failed to conduct a reasonable reinvestigation after disputes." (Doc. 1 at 2.) While Dermendjian alleges generally that she submitted a written dispute to Experian on August 4, 2025 "requesting reinvestigation, method of verification, ACDV documentation, and Metro-2 compliance," (*id.*), she provides no factual detail about what specific items were disputed, what Experian's reinvestigation consisted of, or why that reinvestigation was inadequate. She also does not identify which accounts were disputed with Experian, what inaccurate

information those accounts contained, or how Experian's response failed to satisfy the requirements of § 1681i. The allegation that "[d]espite notice Defendants continued reporting inaccurate information," (*id.*), is similarly conclusory—it restates the legal conclusion without identifying what information was reported, why it was inaccurate, or what Experian did or failed to do in response to the dispute. These bare assertions do not permit the Court to assess whether the elements of a § 1681i claim have been met. *See Iqbal*, 556 U.S. at 678. Accordingly, Count I will be dismissed.

### 2. Count II: Failure to Assure Accuracy (§ 1681e(b))—Experian

15 U.S.C. § 1681e(b) establishes: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To plead a § 1681e(b) violation, "a consumer must first make a prima facie showing of inaccurate reporting by the CRA." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (quotation marks omitted). Information is inaccurate if it is "patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). "Once the consumer has made a prima facie showing of inaccuracy, he or she must next show that the consumer reporting agency failed to follow reasonable procedures to assure the maximum possible accuracy of the information." *Wilson v. Equifax Info. Servs., LLC*, 2020 WL 2771184, *3 (D. Nev. 2020) (citing 15 U.S.C. § 1681e(b)).

Count II alleges that "Experian failed to follow reasonable procedures to assure maximum accuracy." (Doc. 1 at 2–3.) And while she states that Portfolio Recovery Associates account number 3537436000 was "reported inaccurately," she does not explain how. (*See id.* at 3.) She has thus failed to allege inaccurate reporting by the CRA. At this stage, it is unnecessary to consider whether Experian implemented reasonable procedures because Dermendjian has failed to identify any inaccuracy. *See Torrez v. JP Morgan Chase Bank*, 2026 WL 160835, at *5 (D. Ariz. 2026) (dismissing § 1681e(b) claim where

- 4 -

the plaintiff "fail[ed] to make . . . a prima facie showing because she did not articulate how the information that Defendant Experian reported was inaccurate"). Accordingly, Count II will be dismissed.

### 3.    Count III: Furnisher Liability—All Furnishers

To state a claim under § 1681s-2(b), a plaintiff must plead: "(1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the [CRA] that plaintiff disputed the reporting as inaccurate; (3) the [CRA] notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)–(E)." *Cook v. Mountain Am. Fed. Credit Union*, 2018 WL 3707922, at *3 (D. Ariz. 2018) (citations omitted).

Dermendjian has not sufficiently pled facts establishing that any furnisher defendant engaged in inaccurate credit reporting. Although the FCRA's reinvestigation provision in § 1681s-2(b) "does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). Dermendjian fails to allege any facts as to what negative information was reported by any furnisher defendant, let alone the supposed inaccuracy. (*See generally* Doc. 1.) Again, while she identifies Portfolio Recovery Associates account number 3537436000 as "reported inaccurately," she does not explain how. (*See id.* at 2–3.) As to Credit Corp Solutions, LVNV Funding, and Midland Credit Management, she provides no identification of any specific account or any description of what was allegedly reported inaccurately. Such conclusory allegations do not sufficiently put any defendant on notice of what was allegedly inaccurate about the reporting. *See Iyigun v. Cavalry Portfolio Servs. LLC*, 2013 WL 950947, at *1 (C.D. Cal. 2013). Accordingly, Count III will be dismissed.

### 4.    Count IV—Willful and Negligent Noncompliance

Counts I through III assert violations of the FCRA's substantive provisions. Count IV, styled as a standalone claim for "Willful and Negligent Noncompliance," invokes

§§ 1681n and 1681o.  Those provisions, however, are the FCRA's remedial provisions—they set forth the remedies available to private litigants.  *See Grigoryan v. Bank of Am. Corp.*, 2012 WL 10423215, at \*12 (C.D. 2012).  Because Counts I through III fail to state a claim, Count IV necessarily fails as well, as there is no underlying substantive violation to which the remedial provisions can attach.  Even if the substantive counts were adequately pled, the sole allegation that "Defendants acted willfully and/or negligently," (Doc. 1 at 3), is entirely conclusory.  "Under the FCRA, to show that a violation was willful, a plaintiff must show that the defendant either knowingly violated the Act or recklessly disregarded the Act's requirements."  *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 672 (9th Cir. 2020).  No such facts are alleged here.  Accordingly, Count IV will be dismissed.

## III.    LEAVE TO AMEND

Unless the Court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).  A finding that any amendment would be futile justifies dismissal without leave to amend.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

Here, the Court cannot conclude that amendment would be futile as Dermendjian could allege additional facts that would state a claim for relief.  Accordingly, Dermendjian will be granted the opportunity to amend.

Dermendjian must note that an amended Complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  Thus, after amendment, the original complaint is treated as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  And any Defendant not renamed in the amended complaint will remain dismissed from this case.  *See id.*

Accordingly,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is **dismissed** for the reasons stated above.  Dermendjian has 30 days from the date of this Order to file an amended complaint.  Consistent with LRCiv 15.1, Dermendjian shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[1]

**IT IS FURTHER ORDERED** that if Dermendjian files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Dermendjian fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 13th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1]   The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website.  *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited April 3, 2026).